# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### Northern Division

| | |
|---|---|
| PAUL BARON AND ) | |
| TERRA RYGH ) | |
| 11744 MAID AT ARMS LANE ) | |
| BERLIN, MARYLAND 21811, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Civil No. _____ |
| ) | |
| HSBC BANK NEVADA, N.A. ) | |
| 1111 TOWN CENTER DRIVE ) | |
| LAS VEGAS, NV 89144 ) | |
| ) | |
| Serve On:   Maryland Department of ) | |
| Assessments and Taxation ) | |
| 301 West Preston Street ) | |
| Baltimore, MD 21201-2395 ) | |
| ) | |
| and ) | |
| ) | |
| MDR SERVICES, INC. ) | |
| 506 CROUSE MILL ROAD ) | |
| QUEEN ANNE, MD 21657 ) | |
| ) | |
| Serve On:   Mark W. Leadbeter ) | |
| 506 Crouse Mill Road ) | |
| Queen Anne, MD 21657 ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Plaintiffs Paul Baron and Terra Rygh (collectively "Plaintiffs"), by and through their

attorneys David Ellin of Law Office of David Ellin P.C., and Cory L. Zajdel of Z LAW, LLC

alleges and states as follows:

I.      **INTRODUCTION**

1.      The United States Congress has found there is abundant evidence of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress drafted the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), with the goal to eliminate abusive collection practices utilized by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2.      The state of Maryland passed the Maryland Consumer Debt Collection Act, Md. Code Ann., § 14-201 *et seq.* (hereinafter "MCDCA"), a similar but more comprehensive statute to protect individuals from abusive, unfair and harassing debt collection practices.

II.     **PARTIES**

3.      Plaintiff Paul Baron (hereinafter "Baron") is a natural person who resides in Worchester County, Maryland, is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and took part in a "consumer transaction" as that term is defined by MCDCA, ' 14-201(c).  Baron currently resides at 11744 Maid at Arms Lane, Berlin, MD 21811.

4.      Plaintiff Terra Rygh (hereinafter "Rygh") is a natural person who resides in Worchester County, Maryland, is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3). Rygh currently resides at 11744 Maid at Arms Lane, Berlin, MD 21811.

5.      Defendant HSBC Bank Nevada, N.A. (hereinafter "HSBC"), is a company principally engaged in the business of financing motor vehicles and has its principal place of business in 1111 Town Center Drive, Las Vegas, NV 89144.

6.      At all times relevant to this Complaint, HSBC transacted business in the District

of Maryland and at other locations throughout Maryland operating as a "collector" and "person"

as those terms are defined by MCDCA, § 14-201(b) and (d).

7.      HSBC acted in concert with the other defendants in the wrongful taking of

plaintiffs' vehicle.

8.      Defendant MDR Services, Inc. (hereinafter "MDR Services"), is a company

principally engaged in the business of repossessing vehicles and other property and has its

principal place of business in 506 Crouse Mill Road, Queen Anne, MD 21657.

9.      At all times relevant to this Complaint, MDR Services transacted business in the

District of Maryland and at other locations throughout Maryland, operating as a collection agency,

repossession company, enforcer of security interests, as a "debt collector" as that term is defined by

15 U.S.C. § 1692a(6) and as a "collector" and "person" as those terms are defined by MCDCA,  '

14-201(b) and (d).

10.     MDR Services acted in concert with the other defendants in the wrongful taking

of plaintiffs' vehicle.

11.     Brian Keith Pleasants (hereinafter "Pleasants") is an agent and/or employee

of MDR Services, Inc. or was an agent and/or employee of MDR Services, Inc. when plaintiffs'

vehicle was repossessed.  Pleasants main job responsibility with MDR Services, Inc. was the

repossession of vehicles.  Pleasants is well over six feet tall and weighs close to if not more than

three-hundred pounds.  Pleasants currently resides at 207 Grandby Street, Apt. 3, Greensboro,

MD 21639.

12.     Pleasants transacted business on behalf of MDR Services and HSBC in the District

of Maryland and at other locations throughout Maryland, operating as a repossessor, enforcer of

security interests, as a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and as a

"collector" and "person" as those terms are defined by MCDCA, ' 14-201(b) and (d).

13.    At all times mentioned herein, Pleasants acted at the direction of Defendant MDR

Services, Inc. and in concert with the other defendants in the wrongful taking of Plaintiffs'

vehicle.

## III.    <u>JURISDICTION AND VENUE</u>

14.    This Court has jurisdiction over Plaintiff's federal claims under 28 U.S.C. §§

1331 and 1343.  This Court also has jurisdiction over Count Five under 15 U.S.C. 1692k(d).

15.    The Court has supplemental jurisdiction over all other Counts, which are based on

state law, under 28 U.S.C. § 1367.

16.    Venue in the United States District Court for the District of Maryland (Northern

Division) is proper pursuant to 28 U.S.C. § 1391.

## IV.    <u>FACTUAL ALLEGATIONS</u>

17.    On or about March 2, 2006, Plaintiff Baron applied and was approved for an open

ended credit account to finance purchases through Defendant HSBC.  *See* HSBC Open Ended

Credit Account Application (attached hereto as **EXHIBIT 1**).

18.    On or about December 23, 2006, Plaintiff Baron purchased a 2006 Kawasaki

Motorcycle with Vehicle Identification Number RK6JA14C361100548 (hereinafter "2006 Child

Motorcycle") for personal, family or household purposes from Delmarva Power Sport located in

Salisbury, Maryland.  *See* State of Maryland Vehicle Sales Contract dated December 23, 2006

(attached hereto as **EXHIBIT 2**).

19.    Plaintiff Baron financed the purchase of the 2006 Child Motorcycle through

Defendant HSBC on the open ended credit plan that was established on March 2, 2006.  As a result of this transaction, Plaintiff Baron became the owner of the 2006 Child Motorcycle and Defendant HSBC acquired a security interest in the 2006 Child Motorcycle.

20.    As part of the December 23, 2006 transaction Plaintiff Baron incurred a financial obligation and therefore a "debt" as that term is defined by 15 U.S.C § 1692a(5).

21.    Defendant HSBC created an account within the open ended credit plan for the 2006 Child Motorcycle and named it #30706-02.

22.    The 2006 Child Motorcycle account #30706-02 carried no interest charges and no payments were required for a limited time period.

23.    In July 2007, Plaintiff Baron's special no interest period ran out and the interest rate increased to 17.80%.

24.    Also in July 2007, HSBC changed the 2006 Child Motorcycle account from #30706-02 to #00306-02.  *See* HSBC Open End Account Statements dated June 13, 2007 (attached hereto as **EXHIBIT 3**) and July 13, 2007 (attached hereto as **EXHIBIT 4**).

25.    In September 2007, Plaintiff Baron made a lump sum payment that paid off the outstanding balance on the 2006 Child Motorcycle with account #00306-02.  *See* HSBC Open End Account Statements dated September 13, 2007 (attached hereto as **EXHIBIT 5**).

26.    As of September 13, 2007, the 2006 Child Motorcycle was paid in full and HSBC no longer had a valid security interest in Plaintiff Baron's 2006 Child Motorcycle.

27.    Nonetheless, on or about May 27, 2009, almost two years after the 2006 Child Motorcycle was paid in full, Pleasants, as employee and/or agent of MDR Services went to Plaintiff Baron and Rygh's home at 26322 Highbanks Drive, Salisbury, Maryland 21801, in

response to a request from Defendant HSBC to repossess Plaintiff Baron's 2006 Child

Motorcycle.

28.     Pleasants entered upon Plaintiff Baron and Rygh's property attempting

to repossess the 2006 Child Motorcycle.

29.     Pleasants drove up Plaintiff Baron and Rygh's private driveway, which is

approximately one-hundred feet long, and entered Plaintiff Baron and Rygh's closed garage and

displaced personal property in search of the 2006 Child Motorcycle.

30.     Pleasants took possession and complete dominion and domination of the 2006

Child Motorcycle and removed it from the garage.

31.     Having heard noises from the garage and notification from their panicked dog,

Plaintiff Baron and Rygh believed that there was an intruder in their home.

32.     Plaintiff Baron checked inside the house and having not found anyone proceeded

to look out his bathroom window.

33.     To Plaintiff Baron's shock, Baron saw Pleasants exercising complete domination

over Baron's 2006 Child Motorcycle.

34.     Once outside but still on his property, Plaintiff Baron was approached by

Pleasants.

35.     Plaintiff Baron told Pleasants that the 2006 Child Motorcycle was paid in full and

that Pleasants did not have the right to repossess the 2006 Child Motorcycle.

36.     At this time, Plaintiff Rygh was standing just outside the garage and on the

driveway and had a clear view of Pleasants and Plaintiff Baron.

37.     Plaintiff Rygh continuously screamed at Pleasants to "get off our property" and

stating that "you are trespassing" throughout the entire event.

38.     Pleasants grabbed Plaintiff Baron and threw Plaintiff Baron into the tow truck.

39.     After throwing Plaintiff Baron into the tow truck, Pleasants continued to hold and squeeze Baron's body up against the tow truck causing pain and injury.

40.     Plaintiff Rygh then approached Plaintiff Baron and Pleasants trying to have Pleasants release Plaintiff Baron from his grasp and to stop any further harm against Plaintiff Baron.

41.     Plaintiff Rygh was successful but only momentarily.

42.     After Pleasants released his grip on Plaintiff Baron, Pleasants grabbed Plaintiff Rygh and violently threw her to the ground causing pain and injury.

43.     Having thrown Plaintiff Rygh violently to the ground Defendant focused his attention back onto Plaintiff Baron and charged Baron at full speed.

44.     Pleasants tackled and slammed Plaintiff Baron to the ground at which time Plaintiff Baron's entire body and head struck the ground with force causing pain and injury.

45.     While straddling Plaintiff Baron, and holding a flashlight in one hand Pleasants threatened Plaintiffs Baron that he was going to "smash you face in with my flashlight" and further threatening Plaintiff Baron and Rygh that he would "smash your [expletive] faces in with those bricks."

46.     Plaintiff Rygh attempted to step in between Pleasants and Plaintiff Baron. Pleasants again grabbed Rygh, squeezed and refused to release her person.

47.     Plaintiff Rygh dialed for emergency help through a 911 operator and reported an assault and trespass on her property.

48.     Plaintiffs felt physically intimidated by the presence of Pleasants and were in fear for their lives.

49.     The repossession was witnessed by Plaintiffs' neighbors and caused Plaintiffs serious embarrassment, humiliation, and distress.

50.     As a proximate result of Defendants' actions, Plaintiff Baron was deprived of his property and loss of his income.

51.     As a proximate result of Defendants' actions, Plaintiffs Baron and Rygh have incurred medical expenses, moving expenses, have endured pain, suffering and permanent medical damage, extreme embarrassment, shame, anxiety, mental and emotional distress.

52.     As a proximate result of Defendants' actions, Plaintiffs were forced to post-pone their wedding.

53.     As a proximate result of Defendants' actions, Plaintiffs have been unable to regularly sleep, when sleeping are awaken by reoccurring nightmares, headaches, stress and cold sweats.

54.     As a proximate result of Defendants' actions, Plaintiff Baron is no longer able to physically partake in his passion – riding motorcycles.

## V.     CAUSES OF ACTION

### COUNT ONE
### CONVERSION IN THE ABSENCE OF SECURITY INTEREST
(All Defendants)

55.     Plaintiffs re-allege and incorporate by reference the allegations set forth above, and further alleges:

56.     There is no valid security interest in the 2006 Child Motorcycle because Plaintiff Baron paid off HSBC for the account in full in September 2007.

57.     Absent a valid security interest, HSBC had no legal right to possession of the

2006 Child Motorcycle and HSBC's repossession of the 2006 Child Motorcycle without Plaintiff

Baron's consent constituted a wrongful taking and conversion of the 2006 Child Motorcycle.

58.    As a result, HSBC, MDR Services and Pleasants intentionally deprived Plaintiff

Baron of his rightful possession of the vehicle.

59.    Plaintiff Baron and Rygh were damaged by Defendants' wrongful repossession.

60.    This wrongful behavior was conducted intentionally, maliciously, or with reckless

disregard for Consumer's contractual and personal rights and interests.

**COUNT TWO**
**BREACH OF PEACE IN SEIZING THE VEHICLE**
(All Defendants)

61.    Plaintiffs re-allege and incorporate by reference the allegations set forth above,

and further alleges:

62.    The conduct of HSBC's agents in seizing the 2006 Child Motorcycle, and by

entering Plaintiffs' property, threatening Plaintiffs, physically harming Plaintiffs and

misrepresenting their own authority, constitute trespass, assault, battery, conversion and

intentional infliction of emotional distress.

63.    This wrongful conduct damaged Plaintiffs in that they suffered personal injury,

loss of income, the infliction of severe emotional and psychological distress as well as

humiliation in front of neighbors.

64.    This wrongful behavior was conducted intentionally, maliciously, or with reckless

disregard for Consumer's rights and interests.

**COUNT THREE**
**VIOLATION OF THE MARYLAND UNIFORM COMMERCIAL CODE**
(All Defendants)

65.    Plaintiffs re-allege and incorporate by reference the allegations set forth above,

and further alleges:

66.     The 2006 Child Motorcycle falls within the definition of "consumer goods"

contained in MD. CODE ANN., COMM. LAW § 9-102(a)(23).

67.     In the course of the transaction and repossession of Plaintiff Baron's 2006 Child

Motorcycle, HSBC and its agents violated the provisions of Title 9 (Maryland U.C.C.), Subtitle 6

of MD. CODE ANN., COMM. LAW including but not limited to the following violations:

   (a) repossessing the 2006 Child Motorcycle even though HSBC had no security

       interest in the Vehicle;

   (b) repossessing the 2006 Child Motorcycle even though Plaintiff Baron was not

       in default; and

   (c) committing a breach of the peace in repossessing the 2006 Child Motorcycle

       (§ 9-609).

68.     Defendant HSBC's and its agents actions were the proximate cause of the actual

damages alleged by Plaintiffs in the preceding paragraphs.

69.     This wrongful conduct damaged Plaintiffs in that they suffered personal injury,

loss of income, the infliction of severe emotional and psychological distress as well as

humiliation in front of neighbors.

70.     This wrongful behavior was conducted intentionally, maliciously, or with reckless

disregard for Consumer's rights and interests.

## COUNT FOUR
## VIOLATION OF THE MARYLAND CONSUMER PROTECTION ACT
### (All Defendants)

71.     Plaintiffs re-allege and incorporate by reference the allegations set forth above,

and further alleges:

72.     Maryland's Consumer Protection Act (ACPA@), Md. Code Ann., Comm. Law ''
13-101, *et seq.*, prohibits any "person" from engaging in any unfair or deceptive trade practices,
*inter alia,* in the extension of consumer credit and in the collection of consumer debts.  '' 13-
303(3) and (4).

73.     As a "person" under the CPA, ' 13-101(h), Defendants are prohibited from
engaging in unfair and deceptive trade practices.

74.     The CPA, ' 13-301(1), specifically prohibits Defendants from making any false
or misleading oral or written statement or other representation of any kind which has the
capacity, tendency or effect of deceiving or misleading consumers.

75.     The CPA, ' 13-301(3), further prohibits Defendants from failing to state a
material fact if the failure deceives or tends to deceive.

76.     In violation of the CPA, '' 13-303(3) - (4) and ' 13-301(3), Defendants
misrepresented to Plaintiffs that:

      (a)  there was a valid security interest in the 2006 Child Motorcycle;

      (b)  that Plaintiff Baron had defaulted on the 2006 Child Motorcycle; and

      (c)  Defendants had right to seize the 2006 Child Motorcycle.

77.     In violation of the CPA, '' 13-303(3) - (4) and ' 13-301(3), Defendants
committed unfair and deceptive practices by:

      (a)  wrongfully taking the 2006 Child Motorcycle without a security interest; and

      (b)  breaching the peace in seizing the 2006 Child Motorcycle.

78.     Defendants committed unfair and deceptive practices by collecting and attempting

to collect on an alleged debt which, in fact, was not due and this conduct constitutes unfair and

deceptive trade practices in violation of the CPA, '13-101, *et seq.*, including ' ' 13-303(3) and

(4), and ' ' 13-301(1) and (3).

79.     As a result of Defendants' unfair and deceptive practices in violation of the

Maryland CPA, Plaintiffs suffered personal injury, loss of income, the infliction of severe

emotional and psychological distress as well as humiliation in front of neighbors.

80.     This wrongful behavior was conducted intentionally, maliciously, or with reckless

disregard for Consumer's rights and interests.

## COUNT FIVE
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
(MDR Services)

81.     Plaintiffs re-allege and incorporate by reference the allegations set forth above,

and further alleges:

82.     FDCPA, 15 U.S.C. § 1692f(6) strictly prohibits a debt collector from "[t]aking or

threatening to take any non-judicial action to effect dispossession or disablement of property if—

(A) there is no present right to possession of the property claimed as collateral through an

enforceable security interest . . . ."

83.     MDR Services and Pleasants dispossessed Plaintiff Baron of his 2006 Child

Motorcycle on or about May 27, 2009.

84.     On or about May 27, 2009, Defendants did not have an enforceable security

interest in the 2006 Child Motorcycle.

85.     Alternatively, even if HSBC had a present right to the property through a valid

security interest, that present right was extinguished when MDR Services and Pleasants breached

the peace.

86.     MDR Services and Pleasants continued with the repossession even after breaching the peace.

87.     This wrongful behavior was conducted intentionally, maliciously, or with reckless disregard for Consumer's rights and interests.

88.     As a direct and proximate result of Defendants' illegal collection tactics and harassing behavior, Plaintiffs have sustained actual damages in the form of personal injury, loss of income, the infliction of severe emotional and psychological distress, fear, as well as humiliation and embarrassment in front of neighbors.

89.     As a result of each of Defendants' violations of the FDCPA, Plaintiff has suffered out-of-pocket expenses and actual damages, and are therefore entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 for each Plaintiff against each pursuant to 15 U.S.C. § 1692k(a)(2)(A); punitive damages and, reasonable attorney's fees and costs.

## COUNT SIX
## VIOLATION OF MARYLAND CONSUMER DEBT COLLECTION ACT
### (All Defendants)

90.     Plaintiffs re-allege and incorporate by reference the allegations set forth above, and further alleges:

91.     Maryland's Consumer Debt Collection Act, Md. Code Ann., Comm. Law '' 14-201 *et seq.* ("MCDCA"), states that a "collector" while collecting or attempting to collect a debt may not:

(a)  Use or threaten force or violence; § 14-202(1);

(b)  Use obscene or grossly abusive language in communicating with the debtor or a person related to him; § 14-202(7); and

(c) Claim, attempt, or threaten to enforce a right with knowledge that the right

does not exist, § 14-202(8).

92.     As a "collector" and "person" under the MCDCA, ' 14-201(b) and (d),

Defendants and its agents and employees are prohibited from abusing or harassing Plaintiffs in

any way enumerated in MCDCA § 14-202 while collecting or attempting to collect an alleged

debt.

93.     The foregoing acts and omissions of the Defendants constitute numerous and

multiple violations of the MCDCA, including but not limited to each of the above-cited

provisions of the MCDCA, § 14-202.

94.     As a result of Defendants' harassing and abusive debt collection practices in

violation of the MCDCA, Defendants have caused Plaintiffs personal injury, loss of income, the

infliction of severe emotional and psychological distress and mental anguish, fear, as well as

humiliation and embarrassment in front of neighbors.

<u>**COUNT SEVEN**</u>
**TRESSPASS TO CHATTELS**
(All Defendants)

95.     Plaintiffs re-allege and incorporate by reference the allegations set forth above,

and further allege:

96.     Defendant Brian Keith Pleasants, at all relevant times during the incident which is

the subject of this Complaint acting as the agent, servant, employee and/or representative of the

Defendant HSBC Bank Nevada, N.A., and Defendant MDR Services, Inc. without authority or

justification, intentionally dispossessed, used, and interfered with the Plaintiff's possession of his

2006 Child Motorcycle.

97.     Pleasants' conduct was intentional, without authority or justification, and interfered with the Plaintiffs' possession of their property.

## COUNT EIGHT
### ASSAULT
(All Defendants)

98.     Plaintiffs re-allege and incorporate by reference the allegations set forth above, and further alleges:

99.     Defendant Brian Keith Pleasants, at all relevant times during the incident which is the subject of this Complaint acting as the agent, servant, employee and/or representative of the Defendant HSBC Bank Nevada, N.A. and Defendant MDR Services, Inc., acted with the intent and capability to do bodily harm to the Plaintiffs. His conduct was perpetrated with actual malice.

100.    Pleasants' actions caused the Plaintiffs to be put in reasonable apprehension of imminent battery.

101.    As a result of Pleasants' conduct and actions, the Plaintiffs have suffered and will continue to suffer severe mental anguish, medical and other related expenses, and loss of income.

## COUNT NINE
### BATTERY
(All Defendants)

102.    Plaintiffs re-allege and incorporate by reference the allegations set forth above, and further allege:

103.    The conduct of Defendant Brian Keith Pleasants, at all relevant times during the incident which is the subject of this Complaint acting as the agent, servant, employee and/or representative of the Defendant HSBC Bank Nevada, N.A. and Defendant MDR Services, Inc.,

constituted an intentional touching of the Plaintiffs and was undertaken deliberately and with actual malice.

104.     As a result of Pleasants' conduct, the Plaintiffs suffered substantial damages, including but not limited to extreme and permanent pain and debilitating injury, humiliation, mental distress, and monetary losses.

**COUNT TEN**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
(All Defendants)

105.     Plaintiffs re-allege and incorporate by reference the allegations set forth above, and further allege:

106.     The conduct of Defendant Brian Keith Pleasants, who at all relevant times complained of was acting as an agent, servant, employee and/or representative of the Defendant HSBC Bank Nevada, N.A. and Defendant MDR Services, Inc., was intentional, reckless, extreme and outrageous.

107.     As a result of the aforesaid conduct, the Plaintiffs were caused to suffer and continue to suffer severe and extreme emotional distress.

WHEREFORE, Plaintiffs Baron and Rygh pray:

A.  That upon Count One Plaintiffs be awarded judgment against Defendants in the amount of $1,000,000 actual damages and $2,500,000 punitive damages;

B.  That upon Count Two Plaintiffs be awarded judgment against Defendants in the amount of $1,000,000 actual damages and $2,500,000 punitive damages;

C.  That upon Count Three Plaintiffs be awarded judgment against Defendants in the amount of $1,000,000 actual damages;

D.  That upon Count Four Plaintiffs be awarded judgment against Defendants in the amount of $1,000,000 actual damages and reasonable attorney's fees and costs;

E.  That upon Count Five Plaintiffs be awarded judgment against Defendant MDR Services in the amount of $1,000,000 actual damages, and $2,500,000 punitive damages;

statutory damages of $1,000.00 for each Plaintiff against MDR Services and reasonable attorney's fees and costs;

F.  That upon Count Six Plaintiffs be awarded judgment against Defendants in the amount of $1,000,000 actual damages and reasonable attorney's fees and costs;

G.  That upon Count Seven Plaintiffs be awarded judgment against Defendants in the amount of $1,000,000 actual damages and $2,500,000 punitive damages;

H.  That upon Count Eight Plaintiffs be awarded judgment against Defendants in the amount of $1,000,000 actual damages and $2,500,000 punitive damages;

I.  That upon Count Nine Plaintiffs be awarded judgment against Defendants in the amount of $1,000,000 actual damages and $2,500,000 punitive damages;

J.  That upon Count Ten Plaintiffs be awarded judgment against Defendants in the amount of $1,000,000 actual damages and $2,500,000 punitive damages;

K.  For such other legal and equitable relief as the Court deems proper.


Respectfully submitted,



Dated: February 24, 2010              _____//_____
                                       David Ellin (Fed. Bar No. 25128)
                                       Law Office of David Ellin P.C.
                                       20 South Charles Street, Ste. 308
                                       Baltimore, MD 21201
                                       T. (410) 727-1005
                                       E. ellinlaw@aol.com

                                       _____//_____
                                       Cory L. Zajdel, Esq. (Fed. Bar No. 28191)
                                       Z LAW, LLC
                                       8830 Orchard Tree Lane, Ste. 117
                                       Towson, MD 21286
                                       T. (443) 632-3010
                                       E. clz@zlawmaryland.com

                                       Attorneys for Plaintiffs

## **JURY TRIAL**

Paul Baron and Terra Rygh demands trial by jury.

_____/ /_____
Cory L. Zajdel